| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| | JOSEPH R. TIFFANY II  #67821 |
| 2 | THEODORE K. BELL  #184289 |
| | 2475 Hanover Street |
| 3 | Palo Alto, CA  94304-1114 |
| | Telephone: (650) 233-4500 |
| 4 | Facsimile: (650) 233-4545 |

***ORDER E-FILED ON 11/28/05*

5  Attorneys for Defendant
   DIGITAL NETWORKS
6  NORTH AMERICA, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12  EASTECH ELECTRONICS (TAIWAN),          )   Case No. CV04-04542-HRL
    INC., a Taiwan corporation,             )
13                                          )   JOINT STIPULATION TO CONTINUE
                              Plaintiff,    )   SETTLEMENT CONFERENCE;
14                                          )   DECLARATION OF THEODORE K.
          vs.                               )   BELL IN SUPPORT THEREOF; AND
15                                          )   [PROPOSED] ORDER CONTINUING
    DIGITAL NETWORKS NORTH                  )   SETTLEMENT CONFERENCE
16  AMERICA, INC., a Delaware corporation,  )
                                            )   [FIRST REQUEST]
17                            Defendant.    )
                                            )
18                                          )
                                            )
19

20

21

22

23

24

25

26

27

28

1     Defendant Digital Networks North America, Inc. ("DNNA") and Plaintiff Eastech
2 Electronics (Taiwan), Inc. ("Eastech") respectfully request that this Court grant the Order,
3 attached hereto, continuing the date of the Settlement Conference currently scheduled for
4 November 30, 2005. Both Eastech and DNNA stipulate to a continuance of the Settlement
5 Conference until January 2006, and respectfully request January 25, 2006, if that is
6 convenient for the Court. Pursuant to Local Rule No. 6-2(a), the factors necessitating this
7 request are contained in the accompanying Declaration of Theodore K. Bell.

8   Dated: November 21, 2005        PILLSBURY WINTHROP SHAW PITTMAN LLP

9

10                                         By:     /s/
                                                 Theodore K. Bell
11                                                  Attorneys for Defendant
                                                 Digital Networks North America, Inc.
12

13
  Dated: November 21, 2005        LATHAM & WATKINS LLP
14

15

16                                           By:     /s/
                                                 Keith J. Wesley
17                                                  Attorneys for Plaintiff
                                                 Eastech Electronics (Taiwan), Inc.
18

19

20

21 I hereby attest that I have on file all holograph signatures for any signatures indicated by a
   "conformed" signature (/S/) within this efiled document
22

23

24                                                      /s/
                                                   Theodore K. Bell

25

26

27

28

1 **DECLARATION OF THEODORE K. BELL**

2 THEODORE K. BELL declares as follows:

3 1. I am an attorney in good standing with the State Bar of California and an associate with the law firm of Pillsbury Winthrop Shaw Pittman LLP, counsel of record for Defendant Digital Networks North America, Inc. ("DNNA") in the above-captioned case. I have personal, first-hand knowledge of the facts set forth below, and if called upon to do so, could and would testify competently thereto under oath.

2. Plaintiff Eastech Electronics (Taiwan), Inc. ("Eastech") filed its Complaint against DNNA in this action on October 27, 2004. The Honorable Jeremy Fogel conducted an Initial Case Management Conference on April 1, 2005 and this case was referred to this Court for a settlement conference. This Court set the Settlement Conference for November 30, 2005 (Docket No. 18) as initially requested by the parties through their counsel. The parties are jointly requesting a continuance of the Settlement Conference at this time to enable the parties to conduct key depositions prior to the Conference, and to facilitate the schedule of the party representatives who will need to travel from out of the country and out of state to attend the Settlement Conference.

4. Since the filing of the lawsuit, the parties have diligently conducted discovery. The parties have now substantially completed written discovery and have noticed depositions. Counsel for both parties believe the Settlement Conference would be more meaningful if each side had the opportunity to take one key deposition prior to the Settlement Conference. The parties have been attempting to schedule these depositions for some weeks, but the scheduling has been challenging because Eastech's key witness resides in Asia and DNNA's key witness is a former employee who travels extensively on business. The DNNA deposition has been noticed for November 23, 2005 and the Eastech deposition has been noticed for January 9, 2006.

5. The person most likely to attend the Settlement Conference on behalf of Eastech resides in Asia, and the person most likely to attend on behalf of DNNA resides in

1  Indiana.  Neither representatives are currently available to travel to California on

2  November 30.

3       I declare under penalty of perjury under the laws of the State of California that the

4  foregoing is true and correct.  Executed at Palo Alto, California, on November 21, 2005.

5

6                               /s/
                              Theodore K. Bell

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                               ~~[PROPOSED]~~ **ORDER**

2        Pursuant to stipulation, IT IS SO ORDERED that the Settlement Conference in this

3 matter is rescheduled to January 25, 2006.~~.~~ **, 9:30 a.m.**

4

5 Dated: _____November 28\_, 2005

6

7                                                 /s/ Howard R. Lloyd
                                                Honorable Howard R. Lloyd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28